**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-16-0000754**
**26-JAN-2018**
**08:30 AM**

NO. CAAP-16-0000754

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
GARY VAN ZANDT, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(FC-CR NO. 15-1-0135)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Reifurth and Ginoza, JJ.)

Defendant-Appellant Gary Van Zandt appeals from an "Order of Resentencing Revocation of Probation," issued by the Family Court of the Second Circuit ("Family Court")[1] on October 21, 2016. The Family Court revoked Van Zandt's probation on the stated basis that Van Zandt inexcusably failed to comply with a substantial requirement of the judgment setting forth the terms and conditions of his probation. Van Zandt was resentenced to one year of incarceration.

On appeal, Van Zandt argues that the Family Court wrongly revoked his probation (1) after erroneously placing a burden on him to show that his failure to comply with a general term and condition of probation was excusable, rather than placing the burden on the prosecution to show that the noncompliance was inexcusable; and (2) based on insufficient evidence that he failed to comply with the condition that he obtain a substance-abuse assessment and follow its recommendations.

---

[1] The Honorable Richard T. Bissen, Jr. presided.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Van Zandt's points of error as follows and affirm.

1.    The Family Court did not relieve the State of its burden to show that Van Zandt's failure to comply with the second general term and condition of his probation was inexcusable; and the court rightly concluded that the noncompliance was inexcusable.

Van Zandt argues that the Family Court erred when it placed a burden on him to show that his failure to comply with term and condition of probation no. 2 ("General Term and Condition 2")[2/] was excusable, rather than placing the burden on the prosecution to show that it was inexcusable, as required by Hawaii Revised Statutes ("HRS") section 706-625(3).[3/]  We disagree that the court relieved the State of its burden of proof.  *See* Haw. Rev. Stat. § 706-625(3).

A decision that a probationer's failure to comply with a probation order was inexcusable is a conclusion of law.  *State v. Lazar*, 82 Hawai'i 441, 443, 922 P.2d 1054, 1056 (App. 1996). Conclusions of law are reviewable de novo.  *State v. Adler*, 108 Hawai'i 169, 174, 118 P.3d 652, 657 (2005).  "The court shall revoke probation if the defendant has inexcusably failed to comply with a substantial requirement imposed as a condition of the order or has been convicted of a felony."  Haw. Rev. Stat. § 706-625(3).  The term "inexcusably" in HRS § 706-625(3) means a wilful and deliberate attempt to circumvent the order of the court.  *State v. Villiarimo*, 132 Hawai'i 209, 222, 320 P.3d 874, 887 (2014).

Contrary to Van Zandt's claim, there was sufficient evidence that he acted intentionally and deliberately attempted to circumvent the probation order by violating the substantial

---

[2/]    General Term and Condition 2 provides that, "You must report to a probation officer as directed by the court or the probation officer[.]"

[3/]    HRS § 706-625(3) (2014) provides, in part, that, "[t]he court shall revoke probation if the defendant has inexcusably failed to comply with a substantial requirement imposed as a condition of the order[.]"

condition of his probation that he "must report to a probation officer as directed by the court or the probation officer." The Family Court found that the State met its burden by presenting evidence showing that Van Zandt missed his March 23 and May 12, 2016 appointments with his probation officer and did not provide an excuse in either instance. Further, Van Zandt should have known what general compliance with the terms and conditions of probation entailed because the court had revoked his probation for noncompliance with paragraph 7F of the Terms and Conditions of Probation ("Special Term and Condition F") in September 2015.[4]

The prosecution having presented sufficient evidence that Van Zandt was in noncompliance with the terms of his probation, the Family Court was well supported in its conclusion that he inexcusably violated probation. See Haw. Rev. Stat. §§ 706-625(3) and 706-606 (2014) ("Factors to be considered when imposing a sentence"); State v. Villiarimo, 132 Hawai'i 209, 222, 320 P.3d 874, 887 (2014) (defining "inexcusably" as used in HRS § 706-625(3)); State v. Stocker, 90 Hawai'i 85, 92, 976 P.3d 399, 406 (1999) ("[T]he mind of an alleged offender may be read from his acts, conduct and inferences fairly drawn from all the circumstances." (citing State v. Mitsuda, 86 Hawai'i 37, 44, 947 P.2d 349, 356 (1997))).

On May 20, 2015, prior to the March 23 and May 12, 2016 violations of probation, Van Zandt signed the Terms and Conditions of Probation form indicating that he understood the terms and conditions of probation and the special terms and conditions. Furthermore, he had received a copy of the September 2, 2015 order revoking his probation, as well as a copy of the Terms and Conditions of Probation. Moreover, he had been

---

[4] Special Term and Condition F in the prior order provided:

You must make telephone or personal contact with the Family Peace Center . . . by May 12, 2015 to schedule an intake interview and begin their Domestic Violence Intervention/Anger Management Program. Unless found inappropriate for their program, you are ordered to participate in the program until discharged and comply with all the rules of the program as provided to you in writing.

informed in person that he had a March 23, 2016 appointment with his probation officer, and subsequently was informed by letter that he had a May 12, 2016 appointment with his probation officer. The letter noted that he should call to reschedule if he could not make the date or time of the appointment. Therefore, it was reasonable for the Family Court to infer that Van Zandt understood what general compliance entailed. *See State v. Pone*, 78 Hawai'i 262, 273, 892 P.2d 455, 466 (1995) (the trier of fact "may draw all reasonable and legitimate inferences and deductions from the evidence" (quoting *State v. Batson*, 73 Haw. 236, 245-46, 831 P.2d 924, 930 (1992))). *See also, e.g., State v. Ahina*, No. CAAP-13-0006008, 2016 WL 3092870 (Hawai'i App. May 31, 2016) (holding that there was sufficient evidence that defendant acted and deliberately attempted to circumvent his probation order); *State v. Palencia*, No. CAAP-11-0001083, 2013 WL 3776160 (Hawai'i App. July 8, 2013) (ruling that there was substantial evidence-including evidence of defendant lying, being late to treatment, lacking motivation to address problems, and not reporting accurately his medication requirement-to support the court's conclusion that defendant inexcusably failed to comply with substantial requirements of his probation).

Van Zandt failed to comply with the requirement that he report to his probation officer when he did not show up for his scheduled meeting with Probation Officer Reynilda Stribling on March 23, 2016, and was late to arrive for his subsequently-scheduled meeting with Officer Stribling on May 12, 2016 (arriving approximately four hours later, well after Officer Stribling had gone for the day). Furthermore, Officer Stribling was not able to reach Van Zandt at the telephone numbers that he had previously provided. Moreover, Officer Stibling confirmed with Hina Mauka that Van Zandt had stopped calling them. No reasons for these failures to report were offered. Given Van Zandt's conduct and the inferences fairly drawn from all of the circumstances, there was sufficient evidence that Van Zandt acted intentionally and deliberately attempted to circumvent the probation order by violating a substantial condition of his probation. Van Zandt's repeated failures to report circumvented

the probation order, undermined the purposes of his sentence as set out in HRS § 706-606(2)(b), (c), and (d), and negatively impacted on the goals of his probation.

Van Zandt's reliance on *State v. Huggett*, 55 Haw. 632, 525 P.2d 1119 (1974), is misplaced. *Huggett* is distinguishable, as the Hawaiʻi Supreme Court's holding there focused on the defendant's "mere failure" to keep his probation officer informed of his whereabouts. *Id*. at 637, 525 P.2d at 1123. Here, in addition to Van Zandt's failure to respond to telephone calls from Officer Stribling, Van Zandt failed to attend two previously-scheduled meetings with Officer Stibling and had stopped contacting his treatment program despite express instructions to the contrary. Furthermore, this case arises in the context of a second round of violations and a second re-sentencing. Based on the evidence and the context in which it arises, and taking the protective and rehabilitative purposes of probation into account, there was substantial evidence supporting the Family Court's finding that Van Zandt inexcusably failed to report to his probation officer as directed.

      2.    The Family Court did not clearly err in finding that Van Zandt violated a special term and condition of probation.

Van Zandt argues that there was insufficient evidence that he violated paragraph 7I of the Terms and Conditions of Probation ("Special Term and Condition I"),[5] which required him to "obtain and maintain substance abuse treatment as directed by or at the discretion of your *probation officer*[.]" (Emphasis added.) He maintains that since Hina Mauka's instruction to call each day was not ordered or adopted by his probation officer, he did not violate Special Term and Condition I by failing to comply with the instruction. We disagree.

---

[5]    Special Term and Condition I provides that:

You must submit to drug/alcohol assessment at your own expense as directed by your probation officer. If deemed necessary, obtain and maintain substance abuse treatment as directed by or at the discretion of your probation officer until clinically discharged with the concurrence of your probation officer. You shall be responsible for payment of such treatment.

The Family Court did not clearly err by finding that Van Zandt violated Special Term and Condition I.  It is undisputed that Van Zandt understood the Terms and Conditions of Probation when his sentence began in May 2015 and he was directed by his probation officer to obtain and maintain treatment at Hina Mauka.  However, he did not call Hina Mauka every day, and therefore failed to follow the treatment center's instruction.  Following the treatment center's instruction was necessary to comply with the probation officer's directions to obtain and maintain substance abuse treatment.

To read Special Term and Condition I as requiring compliance with the probation officer's, but not Hina Mauka's, directions would be absurd.  *See Lazar*, 82 Hawai'i at 442-43, 922 P.2d at 1055-56 (noting that the defendant understood the terms of his probation, yet made a conscious and willful decision to fail to comply with a substantial requirement imposed as a condition of his probation).  Furthermore, it would be inconsistent with Van Zandt's recent resentencing for exceeding the number of allowable absences from Domestic Violence Intervention classes as required by his initial treatment program.  In that case, Van Zandt admitted that he had inexcusably failed to comply with a substantial term or condition of his probation.

Therefore, the "Order of Resentencing Revocation of Probation," issued by the Family Court of the Second Circuit on October 21, 2016, is affirmed.

DATED:  Honolulu, Hawai'i, January 26, 2018.

On the briefs:

Benjamin E. Lowenthal
(Law Office of Philip H.
Lowenthal)
for Defendant-Appellant.

Peter A. Hanano,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

Presiding Judge

Lawrence M Reihl K
Associate Judge

Associate Judge